EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
DAVID A. CARRASCO, State Bar No. 160460
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN, State Bar No. 232650
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 323-6879
 Fax:  (916) 324-5205
 E-mail:  Anthony.OBrien@doj.ca.gov

Attorneys for Defendants Walker and Garrett

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEREMY WADDLE, | ) | CV. NO. 2:08-00372 JMS-BMK |
| | ) | |
| Plaintiff, | ) | STIPULATED PROTECTIVE |
| | ) | ORDER REGARDING |
| vs. | ) | CONFIDENTIAL INTERNAL |
| | ) | AFFAIRS INVESTIGATION |
| CORRECTIONAL OFFICER | ) | REPORTS OF DECEMBER 29, |
| GARRETT, California State Prison, | ) | 2006 INCIDENT |
| Sacramento (CDC - FOLSOM), | ) | |
| individually, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INTERNAL AFFAIRS INVESTIGATION
<u>REPORTS OF DECEMBER 29, 2006 INCIDENT</u>

IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:

    A.    CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER

During the course of discovery, Plaintiff Jeremy Waddle requested documents concerning the present action and attending circumstances of the incident resulting in his damages. In responding to this request, Defendants' counsel became aware that Defendant Garrett had in his possession, custody, and control responsive documents relating to a California Department of Corrections and Rehabilitation (CDCR) Internal Affairs investigation of the December 29, 2006 incident (the confidential material).

The confidential material includes notes from a confidential Internal Affairs interview with Officer Garrett, as well as information infringing on Officer Garrett's privacy right. All confidential material is considered to be "official information" within the meaning of California Evidence Code sections 1043 and 1045 and Penal Code section sections 832.7 and 832.8. In addition, the

2

confidential material is subject to a qualified privilege as official information under Federal common law.

As are countless other investigative reports by CDCR's Internal Affairs Division, these documents were prepared on the basis of, among other things, interviews with custodial staff with the understanding that statements made in the course of the interviews would remain confidential.  The disclosure of these investigative reports without a protective order would undermine the CDCR's ability to assure its employees that their statements will be maintained in confidence.  The likely result of unprotected disclosure of these reports is that CDC employees, whether subjects of investigations or witnesses to incidents being investigated, will be unwilling or less willing to cooperate with investigators. Accordingly, a protective order is warranted for these reports.

B.  CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL

Because of their relevance to this action, however, the CDC will produce the confidential material without requiring Plaintiff to move to compel, subject to this protective order and objections asserted in their supplemental response to Plaintiff's request for documents, on the following conditions:

1. The social security numbers and any other confidential personal information of the CDCR employees who are the subject of the confidential material shall be redacted.

2. The confidential material may be disclosed only to the following persons:

   (a) Counsel of record for Plaintiff in this action;

   (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff;

   (c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

   (d) Any outside expert or consultant retained by Plaintiff's counsel for purposes of this action;

   (e) Witnesses to whom the confidential material may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the confidential material, and shall be informed and agree to be bound by the terms of this order;

3. Plaintiff's counsel and his legal assistants and consultants shall not make copies of the confidential material except as necessary for purposes of this litigation.

4. All confidential material in possession of Plaintiffs' counsel shall be destroyed or returned to the CDCR within 20 days of the time it is no longer needed for purposes of this litigation.

5. When Plaintiff's counsel returns or destroys the confidential material, he shall provide Defendants' counsel with a declaration stating the all confidential material has been returned or destroyed.

6. All confidential material obtained by Plaintiff's counsel shall not be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

7. Any party submitting or filing Confidential Information to the Court shall, upon prior application to and approval by the Court, submit the Confidential Information in a sealed envelope.

8. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

9. The provisions of this protective order are without prejudice to the right of any party:

    (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b) To apply to the Court for an order removing the confidential material designation from any documents;

    (c) To object to a discovery request.

10. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO STIPULATED.

Dated: August 28, 2009        /s/ Anthony P. O'Brien
                                          ANTHONY P. O'BRIEN
                                          Attorney for Defendants Walker and Garrett

Dated: August 21, 2009        /s/ John Robert Parker
                                          JOHN ROBERT PARKER
                                          Attorney for Plaintiff Waddle

IT IS SO ORDERED.

DATED: August 31, 2009, Honolulu, Hawaii.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

JEREMY WADDLE VS. CORRECTIONAL OFFICER GARRETT, CALIFORNIA STATE PRISON, SACRAMENTO (CDC - FOLSOM), INDIVIDUALLY, ET AL.; CV. NO. 2:08-00372 JMS-BMK; STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INTERNAL AFFAIRS INVESTIGATION REPORTS OF DECEMBER 29, 2006 INCIDENT